Matter of Pacifico (2023 NY Slip Op 01005)

Matter of Pacifico

2023 NY Slip Op 01005

Decided on February 22, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2021-03136

[*1]In the Matter of Joseph H. Pacifico, Jr., an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Joseph H. Pacifico, Jr., respondent. (Attorney Registration No. 2346377)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated April 16, 2021. The respondent served and filed a verified answer dated May 27, 2021. By decision and order on application of this Court dated December 2, 2021, the matter was referred to the Honorable Ralph T. Gazzillo, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 20, 1990.

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 16, 2021, containing six charges of professional misconduct. The respondent served and filed a verified answer dated May 27, 2021, admitting to all of the factual allegations contained in the verified petition but denying the conclusions of law contained therein. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated June 3, 2021, to which the respondent submitted a response dated June 17, 2021. During a preliminary conference on December 22, 2021, the parties entered into a stipulation on the record amending a factual specification in charge one of the petition and the respondent admitted the amended factual specification. After a hearing on January 28, 2022, the Special Referee filed a report dated March 9, 2022, in which he sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent, through counsel, does not dispute the Special Referee's report, and requests that the discipline be limited to public censure.
The Amended Petition 
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional [*2]Conduct (22 NYCRR 1200.0), as follows:
At all relevant times, the respondent maintained an attorney escrow account at Chase Bank, account number ending in 6551, entitled "Joseph H. Pacifico, Jr., IOLA Trust Account" (hereinafter the escrow account). The respondent is the sole signatory on the escrow account. On November 23, 2015, the beginning balance in the escrow account was $72.88. On November 23 and 24, 2015, respectively, the respondent deposited the sum of $5,000 from Hayes H. Histand, and the sum of $110,000 from Joseph Quashie, with both amounts representing down payments in real estate transactions in which the respondent represented the seller. Between November 24, 2015, and June 23, 2016, the respondent was required to maintain at least $115,000 in his escrow account in connection with the Histand and Quashie matters. However, during this time period, the balance in the escrow account fell below $115,000 on multiple dates, including the following:
DateAccount Balance 
11/25/15$110,072.88
12/22/15 $1,522.88
1/25/16 $22.88
2/29/16 $22.88
3/23/16 $3,040.88
4/28/16 $61,190.88
5/31/16 $61,190.88
6/14/16 $61,190.88
These shortages were due, in part, to the respondent transferring funds from the escrow account to his operating account between November 24, 2015, and December 31, 2015, which were partially drawn against funds entrusted to the respondent in connection with the Histand and Quashie matters. Further, between November 24, 2015, and June 23, 2016, the respondent issued checks from the escrow account to third parties who were not connected with either the Histand or Quashie matters.
Charge two also alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct, as follows:
Between January 24, 2017, and March 23, 2017, the respondent was required to
maintain at least $15,800 in the escrow account, in connection with the following matters:
MatterAmount 
Histand$5,000
Vricella$2,500
Lanza$8,300
Between January 24, 2017, and March 23, 2017, the balance in the escrow account was $8,640.88, which was $7,159.12 less than the amount that the respondent was required to maintain.
On March 23, 2017, the respondent deposited a check made payable to him "as attorney" for $40,000 from Lloyd Brody into the escrow account, representing funds that he was required to hold in connection with a Teakwood/Pacifico matter. Between March 23, 2017, and May 2, 2017, the respondent was required to maintain at least $55,800 in the escrow account in connection with the following matters:
MatterAmount 
Histand$5,000
Vricella$2,500
Lanza$8,300
Teakwood/Pacifico $40,000
Between March 23, 2017, and May 2, 2017, the balance in the respondent's escrow account was $48,640.88, which was $7,159.12 less than what he was required to maintain. From May 2017 through April 2018, the respondent continued to deposit and disburse fiduciary funds into and out of the escrow account in connection with multiple client matters. During this time period, the account had a continuing deficiency of $7,159.12.
Charge three alleges that the respondent failed to make accurate entries of all financial transactions related to his escrow account in his ledger books or similar records, between November 2015 and April 2018, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct.
Charge four alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, by failing to regularly reconcile his escrow account between November 2015 and April 2018.
Charge five alleges that the respondent failed to properly identify and title his escrow account and related checks pursuant to rule 1.15(b)(2) of the Rules of Professional Conduct. The checks written from the respondent's escrow account were entitled "Joseph H. Pacifico, Jr."
Charge six alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, by engaging in any or all of the above-mentioned conduct.
In his answer, the respondent admitted to all of the factual allegations contained in the amended verified petition but denied the conclusions of law contained therein.
The Hearing 
Based on the bank records and the transcripts of two examinations under oath (hereinafter EUOs), dated January 9, 2020, and December 9, 2020, the respondent made 11 transfers from the escrow account to his operating account between November 13, 2015, and December 22, 2015, totaling $27,100. With regard to $8,100 of these funds, the respondent could not recall why he transferred that amount to his operating account. He testified during his second EUO that the remaining $19,000 was transferred to his operating account because he mistakenly believed that he needed to disburse settlement funds to his client and himself as attorney fees, from his operating account.
Between January 2016 and April 2018, the respondent made nine transfers from his operating account into the escrow account, totaling $395,500. Each of these transfers was made to provide sufficient funds to cover disbursements the respondent made from the escrow account.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all six charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue a public censure in view of the mitigation presented, including, inter alia, the respondent's remorse, cooperation with the petitioner, evidence of his good character, the fact that there has been no financial loss to clients or third parties, and that the underlying conduct occurred during a period of personal stress.
Notwithstanding the aforementioned mitigating factors, it cannot be said that the respondent's misconduct was isolated. As reflected in the record, the respondent failed to abide by the rules governing the maintenance of attorney escrow accounts for approximately 2½ years, during which period he misappropriated funds entrusted to him as a fiduciary, failed to maintain a ledger for the escrow account, and failed to properly reconcile this account. The respondent engaged in this misconduct notwithstanding a pending investigation by the Grievance Committee commenced upon notice that one of his escrow checks had been dishonored in December 2016. Despite this dishonored check, the respondent failed to institute measures for proper escrow account management, resulting in an ongoing deficiency in the escrow account and a second dishonored check, which served as the catalyst for this disciplinary proceeding. In considering the appropriate measure of discipline, we have also considered as aggravating factors the Admonition the respondent received in July 2020, concerning the December 2016 dishonored check investigation, for, inter alia, failing to preserve client funds entrusted to him as a fiduciary and misappropriating those funds for his own use and benefit, and issuing checks from the escrow account prior to ensuring that corresponding funds were deposited and available, and the Letter of Caution he received in 2015.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Joseph H. Pacifico, Jr., is suspended from the practice of law for a period of three years, commencing March 24, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 24, 2025. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and [*3]provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Joseph H. Pacifico, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Joseph H. Pacifico, Jr., shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph H. Pacifico, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court